

BRYAN CAVE LEIGHTON PAISNER LLP
1155 F Street NW
Washington DC 20004 1357
T: +1 202 508 6000
F: +1 202 508 6200
bclplaw.com

March 21, 2025

Andrew Tauber
Counsel
Direct:  +1 202 508 6111
Fax:  +1 202 220 7421
andrew.tauber@bclplaw.com

Hon. Brian M. Cogan, U.S.D.J.
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:    Application for Expedited Pre-Motion Conference**
*Haitian Evangelical Clergy Ass'n v. Trump*, No. 25-cv-1464 (filed March 14, 2025)

Dear Judge Cogan:

We represent Plaintiffs in *Haitian Evangelical Clergy Association v. Trump*, No. 25-cv-1464 (filed March 14, 2025). We intend to file a narrowly targeted motion for partial summary judgment as soon as permitted. Recognizing that we may not file the motion until a pre-motion conference has been held, we ask, in light of exigent circumstances, that you hold a pre-motion conference on an expedited basis.

**Plaintiffs need urgent relief.**

The individual Plaintiffs are Haitian nationals who possess Temporary Protected Status ("TPS") under 8 U.S.C. § 1254a. TPS is an immigration status that entitles nationals of designated countries to live and work in the United States. TPS holders may remain in the U.S. as long as their country of origin remains designated under the statute. 8 U.S.C. § 1254a(a)(1)(A).

Haiti is a country wracked by violence, political instability, and human-rights abuses. Murder and kidnappings are rampant while food, housing, and medical care are scarce. As a result, Haiti has been designated under the TPS statute—and the individual Plaintiffs have been protected from deportation to Haiti—since 2010.

Before the administrative action at issue here, Haiti's TPS designation was scheduled to expire no earlier than February 3, 2026. But on February 24, the Secretary of Homeland Security issued a "partial vacatur" purporting to terminate Haiti's TPS designation six months early, on August 3, 2025. 90 Fed. Reg. 10511.

The premature termination of Haiti's TPS designation places immediate and extraordinary burdens on the individual Plaintiffs beyond the risk of imminent deportation. Suddenly, they have only half the time they previously had to prepare for possible repatriation. In that short amount of time, they must make arrangements to return to Haiti; locate housing in which they can live upon their return; seek jobs with which they can support themselves after returning; arrange medical care to treat existing conditions and those they are likely to contract in Haiti; and secure reliable sources of food. Perhaps worst of all, they must now decide in a matter of months where their children, many of whom are U.S. citizens, will live. Plaintiffs must choose between taking their children to Haiti, where they will face danger and privation, or leaving them in the United States, where they would be safe but have to fend for themselves.

Given the acute time pressure, the individual Plaintiffs desperately need urgent relief. Accordingly, Plaintiffs ask that you schedule a pre-motion conference as soon as possible—and that you then order expedited



briefing on Plaintiffs' motion for partial summary judgment, which presents a narrow question of law and will be ready for filing no later than Monday, March 24.

**Plaintiffs are entitled to partial summary judgment.**

Plaintiffs assert multiple claims but seek summary judgment on only one claim—that the administration's premature termination of Haiti's TPS designation violates the Administrative Procedure Act insofar as it is "in excess of statutory … authority" and "not in accordance with law." 5 U.S.C. §§ 706(2)(A), (C).

The Secretary of Homeland Security may designate a country for TPS if the country meets certain criteria. For example, a country may be designated if there are "extraordinary and temporary conditions in the foreign state that prevent aliens who are nationals of the state from returning to the state in safety." 8 U.S.C. § 1254a(b)(1)(C).

An initial TPS designation runs for a fixed period of between 6 and 18 months. 8 U.S.C. § 1254a(b)(2). At least sixty days before the end of the period of the TPS designation, the Secretary, "after consultation with appropriate agencies of the Government, shall review the conditions in the foreign state … and shall determine whether the conditions for such designation … continue to be met." *Id.* § 1254a(b)(3)(A). After conducting this review, the Secretary may terminate or extend the country's designation. *Id.* § 1254a(b)(3)(B)–(C). The TPS designation may be extended for 6 months, 12, or 18 months. *Id.* § 1254a(b)(3)(C). If the Secretary does not affirmatively terminate a country's designation, the designation is automatically extended for at least 6 months. *Id.* If the Secretary decides to terminate a country's TPS designation, the termination "shall not be effective earlier than 60 days after the date the notice is published or, if later, the expiration of the most recent previous extension." *Id.* § 1254a(b)(3)(B).

Haiti was first designated for TPS in 2010 after a powerful earthquake devastated the country's infrastructure and exacerbated food and housing shortages. 75 Fed. Reg. 3476 (Jan. 21, 2010). Since then, Haiti's TPS designation has been extended multiple times. *See* 76 Fed. Reg. 29000 (May 19, 2011); 77 Fed. Reg. 59943 (Oct. 1, 2012); 79 Fed. Reg. 11808 (Mar. 3, 2014); 80 Fed. Reg. 51582 (Aug. 25, 2015); 86 Fed. Reg. 41863 (Aug. 3, 2021); 88 Fed. Reg. 5022 (Jan. 26, 2023); 89 Fed. Reg. 54484 (July 1, 2024). Haiti's TPS designation has been extended repeatedly because the country continues to "grappl[e] with," among things, "a deteriorating political crisis, violence, and a staggering increase in human rights abuses" in addition to "rising food insecurity" and "a severe lack of healthcare services." 86 Fed. Reg. at 41864–67. The most recent extension, issued in July 2024, extended Haiti's TPS designation through "February 3, 2026." 89 Fed. Reg. at 54491.

On February 24, 2025, Secretary Noem issued what she styled a "partial vacatur" of the most recent extension that purports to terminate Haiti's TPS designation 6 months early, "on August 3, 2025, instead of February 3, 2026." 90 Fed. Reg. at 10511, 10514–15.

It is plain that 8 U.S.C. § 1254a does not authorize the Secretary to prematurely terminate a TPS designation. It clearly states that termination of a country's TPS designation "shall not be effective earlier than 60 days after the date the notice is published **or, if later, the expiration of the most recent previous extension**." *Id.* § 1254a(b)(3)(B) (emphasis added).

Implicitly recognizing this, Secretary Noem does not claim to have exercised statutory authority when she prematurely terminated Haiti's TPS status. *Cf.* 90 Fed. Reg. 10511. Rather, she claimed to have exercised what she characterized as her "inherent authority … to reconsider any TPS-related determination, and upon reconsideration, to vacate or amend the determination." 90 Fed. Reg. at 10514.

But "[t]here is no general principle that what [an agency] can do, [it] can undo." *Gorbach v. Reno*, 219



F.3d 1087, 1095 (9th Cir. 2000) (en banc). An agency might have inherent authority to revisit its prior decisions under certain circumstances but only "in the absence of a specific statutory limitation." *Macktal v. Chao*, 286 F.3d 822, 825–26 (5th Cir. 2002); *accord, e.g.*, *Ivy Sports Med., LLC v. Burwell*, 767 F.3d 81, 86 (D.C. Cir. 2014) (Kavanaugh, J.). As the Second Circuit has held, there may be instances in which agencies can simply vacate a prior decision, "**but not** where there is 'contrary legislative intent or other affirmative evidence.'" *Chao v. Russell P. Le Frois Builder, Inc.*, 291 F.3d 219, 229 n.9 (2d Cir. 2002); *accord Brooklyn Heights Ass'n, Inc. v. Nat'l Park Serv.*, 777 F. Supp. 2d 424, 443 (E.D.N.Y. 2011).

Here, Congress has imposed specific statutory limitations on the termination of a TPS designation. Procedurally, the Secretary must (1) consult with other agencies and (2) make factual determinations with respect to conditions in the foreign country before she may terminate a country's TPS designation. 8 U.S.C. § 1254a(b)(3)(A). Temporally, a termination "shall not be effective earlier than 60 days after the date the notice [of termination] is published or, if later, the expiration of the most recent previous extension." *Id.* § 1254a(b)(3)(b). These "specific statutory limitation[s]" foreclose the Secretary's assertion of inherent authority to prematurely terminate Haiti's TPS designation. *Macktal*, 286 F.3d at 826.

Simply put, Secretary Noem has neither statutory nor inherent authority to prematurely terminate Haiti's TPS designation.

The Administrative Procedure Act authorizes courts to review agency action. Declaring that a reviewing court "**shall** … hold unlawful and set aside agency action" that it is "in excess of statutory … authority" or "otherwise not in accordance with law" (5 U.S.C. § 706(2) (emphasis added)), the APA "**requires**" a reviewing court to set aside unlawful agency action. *FCC v. NextWave Pers. Commc'ns Inc.*, 537 U.S. 293, 300 (2003) (emphasis added). Because the Secretary's premature termination of Haiti's TPS designation is *ultra vires*, this Court must set it aside.

**Expedited adjudication of Plaintiff's motion for partial summary judgment is warranted.**

Plaintiffs' motion for partial summary judgment can—and, for the reasons explained above, should—be adjudicated on an expedited basis. The 16-page motion presents a pure question of law that implicates no factual disputes. The motion rests on 8 U.S.C. § 1254a(b)(3), 90 Fed. Reg. 10511, and 89 Fed. Reg. 54484, the content of which are not (and cannot) be disputed.

Defendants will not be prejudiced by expedited consideration of Plaintiffs' motion. Raising a pure question of law, Plaintiffs' motion for partial summary judgment requires no discovery and is easily briefed. Not only is the government amply equipped with a large stable of lawyers, but it is already litigating the identical issue in cases around the country. *See* Defs' Resp. in Opp. to Pfs' Mot. to Postpone Effective Date of Agency Action at 13–17, *Nat'l TPS Alliance v. Noem*, Dkt. 60, No. 3:25-cv-01766 (N.D. Cal. Mar. 3, 2025); Plfs' Mot. for Partial S.J. at 22–23, *Casa, Inc. v. Noem*, Dkt. 8, No. 8:25-cv-00525 (D. Md. Mar. 3, 2025); Mem. ISO Plfs' Mot. to Stay at 9, *Haitian-Americans United Inc. v. Trump*, Dkt. 10, No. 1:25-vc-10498 (D. Mass. Mar. 6, 2025). Briefing the issue in this case will require little marginal effort on the government's part.

∗∗∗

For the foregoing reasons, Plaintiffs ask that the Court hold a pre-motion conference as soon as possible and that it order expedited briefing on Plaintiffs' motion for partial summary judgment.

Respectfully submitted,

/s/ Andrew Tauber

Andrew E. Tauber