

U.S. Department of Justice

*Civil Division*

Washington, D.C. 20530

**BY ECF**  March 31, 2025
Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  *Haitian Evangelical Clergy Assn., et al. v. Donald J. Trump, in his official capacity as President of the United States of America, et al.* Civ. No. 25-CV-1464 (BMC) (E.D.N.Y.)

Dear Judge Cogan:

In accordance with Your Honor's rules governing civil motion practice, Defendants respectfully request a pre-motion conference (PMC) for their proposed motion to dismiss, to be filed by April 30, 2025, and a stay of briefing on Plaintiffs' partial summary judgment motion pending resolution of Defendants' motion to dismiss. *See* BMC Practices, § III.B.2.[1]

## I.    Procedural Background

On March 14, 2025, Plaintiffs filed a complaint challenging Secretary Noem's recent decision to partially vacate Temporary Protected Status (TPS) of Haitians residing in the United States. Plaintiffs allege that this determination violated the Administrative Procedure Act (APA), the Equal Protection Clause, and the Due Process protections of the Fifth Amendment. ECF 1. A mere seven days after serving their complaint, Plaintiffs requested an expedited pre-motion conference for their proposed partial summary judgment motion. ECF 15. The Court denied as unnecessary this request and permitted Plaintiffs to file their partial summary judgment motion. On March 24, 2025, Plaintiffs filed their motion, requesting that the Court hold unlawful and set aside Secretary Noem's determination. ECF 17-1 at 3.

## II.    Legal Standard

The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *Clinton v. Jones*, 520 U.S. 681, 706 (1997). In this Circuit, the factors usually applied in deciding whether to stay a civil action are: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *United States v. Town of Oyster Bay*, 66 F. Supp.

---

[1] The Court may treat this letter as Defendants' motion to stay briefing on Plaintiffs' partial summary judgment motion. Should this Court deny Defendants' request for a PMC and stay, Defendants propose that their motion to dismiss and opposition to Plaintiffs' motion for summary judgment be jointly due April 30, 2025, Plaintiffs' response and reply due May 14, 2025, and Defendants' reply due May 21, 2025.

Honorable Brian M. Cogan
Page 2

3d 285, 289 (E.D.N.Y. 2014) (Spatt, J.). The party seeking a stay "bears the burden of establishing its need." *Clinton*, 520 U.S. at 708.

### III. Plaintiffs' Partial Motion for Summary Judgment is Premature and Should be Stayed Pending Resolution of Defendants' Motion to Dismiss.

Plaintiffs' partial summary judgment motion is an unusual and inappropriate attempt to accelerate this Court's resolution of a matter impinging upon the foreign policy of the United States. Such a case should unfold in the ordinary course, allowing responsive pleading, a full and thoughtful development of the factual record, and fulsome briefing on the legal questions at issue. *See Toussie v. Allstate Ins. Co.*, 213 F. Supp. 3d 444, 446 (E.D.N.Y. 2016) (Block, J.) ("[Courts] have … recognized that 'in many cases [a motion for summary judgment] will be premature until the nonmovant has had time to file a responsive pleading.'") (citing *Helios Int'l S.A.R.L. v. Cantamessa USA, Inc.*, 23 F.Supp.3d 173, 188–89 (S.D.N.Y. 2014) (quoting Fed. R. Civ. P. 56 Advisory Committee Notes)).

Staying Plaintiffs' motion and allowing this case to proceed in the normal course would not prejudice Plaintiffs, where they seek to circumvent conventional litigation procedures and TPS for Haiti remains in effect for six more months. *Haiti Partial Vacatur* at 10,515. Indeed, Plaintiffs have not filed any type of emergency motion here.[2] However, the prejudice to Defendants if the partial summary judgment briefing is not stayed would be significant, especially given the public safety implications of unduly rushing this case to judgment. *See Casa, Inc. et al v. Noem et al*, No. GLR-25-0525 (D. Md.) (Mar. 11, 2025), ECF 33 at 2-3 (granting Defendants' motion to stay briefing on Plaintiff's partial summary judgment motion because Defendants' answer was not due yet, national security concerns "are sufficient for the limited stay on briefing for Plaintiffs' Motion," and Plaintiffs have "other procedural tools to seek expedited relief … and have thus far declined to use them").

Here, the certified administrative record in this case has not yet been produced. It would be judicially inefficient for the parties to fully brief and present oral arguments for the Court's consideration on the issues addressed in Plaintiffs' motion for partial summary judgment before the Court decides the threshold issue of whether it even has subject matter jurisdiction in this case. Defendants intend to file a motion to dismiss on April 30, 2025. A stay of the briefing, hearing, and ruling on Plaintiffs' motion is appropriate because Defendants' forthcoming motion to dismiss will be based on the threshold question of whether this Court has jurisdiction over Plaintiffs' claims for relief. Specifically, Defendants will argue that the Court lacks jurisdiction to review the *Partial Vacatur of 2024 (TPS) Decision for Haiti*, 90 Fed. Reg. 10511 (Feb. 24, 2025) (*Haiti Partial Vacatur*); *see* 8 U.S.C. § 1254a(b)(5)(A) ("There is no judicial review of any determination of the [Secretary] with respect to the designation, or termination or extension of a designation, of a foreign state under this subsection."); 5 U.S.C. § 701(a) (1)-(2)(a) (The APA "applies, according to the provisions thereof, except to the extent that (1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law."). In addition, Defendants may also challenge the standing of Plaintiffs in this case, a potential factual dispute that is not yet ripe for

---

[2] On April 1, 2025, the government is arguing an emergency motion regarding the same issue related to the Haiti Partial Vacatur determination. *Haitian Americans United Inc. et al v. Trump et al.*, No. 1:25-cv-10498-RGS (D. Mass.).

Honorable Brian M. Cogan
Page 3

resolution. Thus, a stay is warranted to promote the orderly course of justice and preserve judicial economy. *See Oyster Bay*, 66 F. Supp. 3d at 289.

Ultimately, Plaintiffs seek to deprive Defendants of a reasonable opportunity to respond to the allegations of the complaint by taking advantage of Federal Rule of Civil Procedure 56(b)'s expansive timeframe to file a motion for summary judgment. *See* Fed. R. Civ. P. 56(b) ("Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."). Neither the Federal Rules of Civil Procedure nor the Local Rules for this jurisdiction, however, require that the Parties and the Court move forward on the motion for partial summary judgment before Defendants have had an opportunity to respond to the complaint or compile the record. On the contrary, the Advisory Committee notes for Rule 56 encourage courts to issue orders that will prevent the premature briefing of summary judgment motions filed at the commencement of a case: "Although the rule allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had. Scheduling orders or other pretrial orders can regulate timing to fit the needs of the case." Fed. R. Civ. P. 56 advisory committee's note (2010 amendments). Staying the briefing of the motion for partial summary judgment will ensure that Defendants have sufficient time to respond to the complaint through its anticipated motion to dismiss—a right that is protected by Rule 12.

Accordingly, Defendants respectfully request that the Court schedule a PMC for Defendants' motion to dismiss, to be filed April 30, and stay briefing on Plaintiffs' motion pending resolution of Defendants' motion to dismiss. Defendants will file the certified administrative record contemporaneously with the motion to dismiss. Thank you for Your Honor's consideration of this request. Pursuant to Rule 7.1(d) and this Court's standing order, the Parties have met and conferred in good faith. Plaintiffs' Counsel stated that they oppose a delay in briefing on the motion for partial summary judgment.

    Respectfully submitted,

    YAACOV M. ROTH
    Acting Assistant Attorney General,
    Civil Division

    SARAH VUONG
    Assistant Director
    Office of Immigration Litigation

By:    */s/ Anna L. Dichter*
    ANNA L. DICHTER
    Trial Attorney
    (202) 353-2405
    Anna.l.dichter@usdoj.gov

cc: All Counsel of Record (by ECF)