

May 23, 2025

Andrew Tauber
Counsel
Direct:  +1 202 508 6111
Fax:  +1 202 220 7421
andrew.tauber@bclplaw.com

BRYAN CAVE LEIGHTON PAISNER LLP
1155 F Street NW
Washington DC 20004 1357
T: +1 202 508 6000
F: +1 202 508 6200
bclplaw.com

Hon. Brian M. Cogan, U.S.D.J.
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Notice of Supplemental Authority
      *Haitian Evangelical Clergy Ass'n v. Trump*, No. 25-cv-1464

Dear Judge Cogan:

We represent Plaintiffs in the above-captioned case. On May 28, the Court will hear oral argument on the government's motion to dismiss and Plaintiffs' motions for partial summary judgment and postponement pending review.

One issue before the Court is whether 8 U.S.C. § 1254a(b)(5)(A) in conjunction with 5 U.S.C. § 701(a)(1) precludes judicial review of Plaintiffs' claims under the Administrative Procedure Act ("APA"). The government says that it does. ECF 45 at 2–3. Plaintiffs argue that it does not because, under 5 U.S.C. § 559, a "[s]ubsequent statute," such as § 1254a(b)(5)(A), "may not be held to supersede or modify … chapter 7" of the APA "except to the extent that it does so expressly." ECF 48 at 6.

In the course of preparing for oral argument, Plaintiffs have identified a Supreme Court decision that is directly on point, *Shaughnessy v. Pedreiro*, 349 U.S. 48 (1955) (Ex. 1). The respondent in *Shaughnessy* sought judicial review of a deportation order under the Immigration and Nationality Act of 1952 ("INA"), claiming that the order was procedurally and constitutionally defective. The government argued that judicial review was unavailable because the INA, like its predecessor, the Immigration Act of 1917, declared that the Attorney General's decision to deport an individual "shall be final." Three years before *Shaughnessy* was decided, the Court held that the finality provision of the 1917 Act precluded judicial review of a deportation order. *Heikkila v. Barber*, 345 U.S. 229 (1953). Although the INA also made deportation decisions "final," the *Shaughnessy* Court held that it, unlike the 1917 Act, did not preclude judicial review of a deportation order because the INA, unlike the 1917 Act, was enacted after the APA. That difference was dispositive, the Court held, because under what is now codified at 5 U.S.C. § 559, "[n]o subsequent legislation shall be held to supersede or modify the provisions of [the APA] except to the extent that such legislation shall do so expressly." *Shaughnessy*, 349 U.S. at 50–51. So too here: § 1254a(b)(5)(A) does not bar judicial review of the Secretary's "partial vacatur" because it was enacted after the APA but does not expressly supersede or modify the APA.

Plaintiffs write now to alert the Court and the government to *Shaughnessy* before oral argument next week.

Respectfully submitted,

*/s/ Andrew Tauber*

Andrew E. Tauber