

June 11, 2025

Andrew Tauber
Counsel
Direct: +1 202 508 6111
Fax: +1 202 220 7421
andrew.tauber@bclplaw.com

BRYAN CAVE LEIGHTON PAISNER LLP
1155 F Street NW
Washington DC 20004 1357
T: +1 202 508 6000
F: +1 202 508 6200
bclplaw.com

Hon. Brian M. Cogan, U.S.D.J.
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** Status Update
*Haitian Evangelical Clergy Ass'n v. Trump*, No. 25-cv-1464

Dear Judge Cogan:

We represent Plaintiffs in the above-captioned case and write once more to update the court on what has happened—or, more precisely, what has not happened—over the past week.

As you are aware, under Secretary Noem's "partial vacatur," Haiti's TPS designation "will expire on August 3, 2025." 90 Fed. Reg. at 10511.

By statute, the Secretary must determine whether the conditions for designation continue to be met "[a]t least 60 days before end" of the current designation period and must provide notice of that determination "on a timely basis." 8 U.S.C. § 1254a(b)(3)(A). Consistent with those statutory requirements, the "partial vacatur" states that Secretary Noem "intend[ed] to review the Haiti TPS designation by June 4, 2025," which is 60 days before August 3. 90 Fed. Reg. at 10514.

On June 5, the government stated upon inquiry that "[t]he Secretary has complied with her statutory requirements on TPS for Haiti," implying that she had made a determination as to the continued existence of the statutory conditions for designation.

But it is now June 11, a full week after Secretary Noem was to have made her determination, and no notice of that determination has been published in the Federal Register.

This morning, we emailed the government asking that it advise us (1) why notice of the Secretary's apparent determination has not been published; and (2) when it would be published. After receiving no response to our query, we sent a follow-up request. Eventually, the government informed us that it had "no update to share at this time."

Every day that passes inflicts increasing harm on Plaintiffs. For example, because the "partial vacatur" set the expiration of Haiti's TPS designation for August 3, the government has been issuing TPS holders work-authorization documents (*see* 8 U.S.C. § 1254a(a)(1)(B)) that expire on that date. Even if the validity of those documents were extended past that date, they still bear an August 3 expiration date on their face. This is making it increasingly difficult for TPS holders to find new employment as August 3 approaches. Similarly, because the government has delayed notice of the Secretary's supposed determination, Haitian TPS holders lack certainty as to when they might face deportation or detention awaiting deportation. That uncertainty is increasingly impeding TPS holders' ability to enter leases or other contractual arrangements.



In short, the urgency recognized by the Court at the May 28 hearing is even greater today than it was two weeks ago.

The government has offered no explanation for the delay. But one thing is clear: The Secretary has violated her statutory obligation to publish notice of her determination "on a timely basis." 8 U.S.C. § 1254a(b)(3)(A).[1]

Given the urgent need for certainty and the government's indefinite delay, Plaintiffs again ask that the Court rule on the pending motions without awaiting further action by the government.

Respectfully submitted,

/s/ Andrew Tauber

Andrew E. Tauber

---

[1] For comparison, the Secretary announced the "partial vacatur" on Thursday February 20 and published notice of that action four days later, on Monday February 24. *Compare* DHS, Secretary Noem Rescinds Previous Administration's Extension of Haiti's Temporary Protected Status (Feb. 20, 2025), https://www.dhs.gov/news/2025/02/20/secretary-noem-rescinds-extension-haitis-temporary-protected-status, *with* Partial Vacatur of 2024 Temporary Protected Status Decision for Haiti, 90 Fed. Reg. 10511 (Feb. 24, 2025). Now, although the Secretary has supposedly reached a decision, she has neither announced that decision informally nor published notice of it in the Federal Register.