

U.S. Department of Justice

*Civil Division*

Washington, D.C. 20530

**BY ECF**                                                                                                    June 24, 2025
Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:     Scheduling Order: Conference set for 6/25/25 at 12:00pm
                *Haitian Evangelical Clergy Assn., et al. v. Donald J. Trump, in his official capacity as President of the United States of America, et al.*, No. 25-CV-1464 (BMC) (E.D.N.Y.)

Dear Judge Cogan:

        The government's position remains the same as presented in its briefing papers. The Court should dismiss Plaintiffs' Complaint in its entirety for lack of jurisdiction under 8 U.S.C. § 1254a(b)(5)(A) or because none of their claims are plausible on their face. Additionally, 8 U.S.C. § 1252(f)(1) precludes the Court from ordering the relief sought by Plaintiffs. The government's ripeness argument is also viable, although it may become moot when Secretary Noem publishes notice of her determination regarding the TPS designation for Haiti in the Federal Register. The Department of Homeland Security intends to publish the determination before August 3, 2025.

        Plaintiffs complain to the Court that Secretary Noem has not published her determination regarding TPS for Haiti. Plaintiffs, however, conflate the requirement for providing timely notice of a TPS determination with the deadline for making that determination. The TPS statute directs the Secretary, "[a]t least 60 days before the end" of a TPS designation or extension period, to "review the conditions" in the country and "determine whether the conditions for [TPS] designation … continue to be met." 8 U.S.C. § 1254a(b)(3)(A). The Secretary timely made her determination regarding TPS for Haiti on or before June 4, 2025, 60 days before the end of the TPS extension period on August 3, 2025. Congress understood that while the Secretary of Homeland Security could make a determination related to TPS, it may take time before that decision could be published in the Federal Register.

        Recognizing this potential delay, Congress separately addressed the timing and consequences of the publication of that determination in the TPS statute. The statute does not set a deadline for publication of the determination, unlike for making the determination. Instead, it provides that publication be "timely." 8 U.S.C. § 1254a(b)(3)(A). A determination to terminate a designation, however, "shall not be effective earlier than 60 days after the date the notice is published or, if later, the expiration of the most recent previous extension." 8 U.S.C. § 1254a(b)(3)(B).

        Here, the Secretary's determination may be one of two things: an extension of TPS or a decision to terminate TPS. If the Secretary decides to extend Haiti's TPS designation, TPS holders who register and remain eligible for TPS will continue to have status for the duration of the extension, regardless of when the determination is published. If the Secretary decides to terminate Haiti's TPS designation, TPS holders will have at least 60 days from the date of publication of that

determination before their lawful status is terminated. In essence, the longer it takes to publish any notification of termination, the more time TPS holders will have with status. Accordingly, once the determination is published, TPS holders will receive either an extension of their status or at least 60 days' notice of any termination. In the meantime, TPS holders will continue to maintain status until that publication takes place.

While Plaintiffs are concerned about their documents bearing an August 3, 2025 expiration date, the government has a process for realigning TPS-related documents with a short-term extended expiration or extension date. *See* 8 C.F.R. § 274a.13(d)(1). For example, in the case of the recent automatic extension of the TPS designation of South Sudan from May 4, 2025, through November 3, 2025, announced by the Secretary in a notice published in the Federal Register (FRN), the Secretary also announced the automatic extension of TPS-related Employment Authorization Documents (EADs). *See* 90 Fed. Reg. 19217 (May 6, 2025). As described in the FRN, as well as on the U. S. Citizenship and Immigration Services (USCIS) website, in order to prove work authorization, an individual with a TPS-related EAD with an earlier expiration date of November 3, 2023 or May 3, 2025, could show that documentation to his or her employer as evidence of the ability to continue working lawfully, along with a copy of the FRN announcing the automatic extension. *See* 90 Fed. Reg. at 19,220; TPS Designated Country: South Sudan, Automatic Employment Authorization Document Extension, https://www.uscis.gov/humanitarian/temporary-protected-status/temporary-protected-status-designated-country-south-sudan (last visited June 23, 2025). Likewise, with the recent termination of TPS for Nepal, the Secretary also announced the automatic extension of TPS-related EADs in in the FRN announcing the termination of TPS. *See* 90 Fed. Reg. 24,151, 24,154 (Jun. 6, 2025). As described in the FRN and the USCIS website, individuals with automatic extension of TPS-related EADs may show their expiring EADs as proof of continued employment authorization through August 5, 2025, along with the FRN. *See* 90 Fed. Reg. at 24,154; TPS Designated Country: Nepal, Automatic Employment Authorization Document Extension, https://www.uscis.gov/humanitarian/temporary-protected-status/temporary-protected-status-designated-country-nepal (last visited June 23, 2025). The same process would occur for those individuals who have EADs with an August 3, 2025 expiration date.

In its June 20 Order, the Court questioned whether an extension of expired documents can be completed on a "without prejudice basis." Following timely publication of the FRN, individuals with expiring documents would have the ability to show their employers that their EADs have automatically extended. This process was used after the injunction of the termination of the 2011 TPS designation for Haiti in *Saget v. Trump*, No. 18-cv-1599 (E.D.N.Y. Apr. 11, 2019), to continue the validity of Haitian TPS- related documents while the case wound its way through the courts. *See* Continuation of Documentation for Beneficiaries of [TPS] Designations for El Salvador, Haiti, Nicaragua, Sudan, Honduras, and Nepal, 87 Fed. Reg. 68, 717 (Nov. 16, 2022). Thus, this process should not be new to Plaintiffs' counsel, who represented the *Saget* litigants. Additionally, the July 1, 2024 Extension and Redesignation of Haiti for Temporary Protected Status provided an automatic extension of documents through August 3, 3025, so many employers of TPS-holders should be aware that documents that are expired on their face can be used in conjunction with an FRN to authorize lawful employment. *See* Extension and Redesignation of Haiti for Temporary Protected Status, 89 Fed. Reg. 54,493 (July 1, 2024) (["I]f you currently have a Haiti TPS-based EAD with the notation A–12 or C– 19 under Category and a 'Card Expires' date of August 3, 2024, June 30, 2024, February 3, 2023, December 31, 2022, October 4, 2021, January 4, 2021, January 2, 2020, July 22, 2019, January 22, 2018, or July 22, 2017, this Federal Register notice

automatically extends your EAD through August 3, 2025.").

The Secretary has reached a determination with respect to TPS for Haiti at least 60 days before the end of the extension period, as required by the statute and will publish notice of the determination in the Federal Register on a timely basis.

                Respectfully submitted,

                BRETT A. SHUMATE
                Assistant Attorney General
                Civil Division

                YAAKOV M. ROTH
                Principal Deputy Assistant Attorney General
                Civil Division

                WILLIAM H. WEILAND
                Senior Litigation Counsel
                Office of Immigration Litigation

By:    */s/ Sarah L. Vuong*
                SARAH L. VUONG
                Assistant Director
                (202) 305-1263
                sarah.l.vuong@usdoj.gov

cc: All Counsel of Record (by ECF)