

June 25, 2025

BRYAN CAVE LEIGHTON PAISNER LLP
1155 F Street NW
Washington DC 20004 1357
T: +1 202 508 6000
F: +1 202 508 6200
bclplaw.com

Andrew Tauber
Counsel
Direct:   +1 202 508 6111
Fax:   +1 202 220 7421
andrew.tauber@bclplaw.com

Hon. Brian M. Cogan, U.S.D.J.
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** Secretary Noem's failure to issue timely notice
*Haitian Evangelical Clergy Ass'n v. Trump*, No. 25-cv-1464

Dear Judge Cogan:

Plaintiffs, who ask that today's conference be held as scheduled, write in response to the government's letter of June 24, 2025 (ECF 58).[1]

As Plaintiffs explained in their briefing and at oral argument, Secretary Noem's "partial vacatur" of Haiti's TPS designation is inflicting serious, irreparable harm on Plaintiffs. And, as Plaintiffs explained in their subsequent letters to the Court, that harm—which is inherent in the unlawful, premature termination of Haiti's TPS designation—is now being severely exacerbated by (1) the Secretary's issuance of employment authorization documents bearing an August 3, 2025, expiration date; and (2) the Secretary's failure to provide timely notice of the statutorily mandated determination that she admits to having made under 8 U.S.C. § 1254a(b)(3)(A).

This ever-increasing irreparable harm warrants, at the very least, immediate interim relief under 5 U.S.C. § 705.

Nothing that the government says in its letter changes these facts.

The government does not deny that it is issuing employment authorization documents (EADs) bearing an August 3, 2025, expiration date. That the government is doing so is demonstrated by Plaintiff Nadege Michaud's EAD, which she received on June 7 and is attached as Exhibit 1.

The government blithely suggests that its issuance of EADs bearing an August 3, 2025, expiration date is of no consequence because "the government has a process for realigning TPS-related documents with a short-term extended expiration or extension date." ECF 58 at 2. But that is of no help to Haitian TPS holders. That the government might ultimately deem facially expired EADs valid for a short period of time does nothing for TPS holders who, thanks to the "partial vacatur," are already unable to secure jobs because employers, who need predictability, are unwilling to hire people whose EADs are currently set to expire August 3. And—as evidenced by the email sent to Plaintiff Sabina Badio Florial and attached as Exhibit 2— it does nothing to help currently employed TPS holders whose employers, in need of predictability and aware of the "partial vacatur," are already demanding "original documentation that establishes your continued eligibility to work" past August 3 "when [Haitian TPS holders'] temporary work authorization will

---

[1]      Plaintiffs apologize for the late hour at which this letter is being filed. Unfortunately, counsel suffered computer problems that delayed completion of the letter.

Hon. Brian M. Cogan, U.S.D.J.
June 25, 2025
Page 2



expire."

Employers who currently need employees past August 3, which is less than six weeks away, are unlikely to wait for the Secretary to issue notice of her still secret determination under 8 U.S.C. § 1254a(b)(3)(A) before hiring individuals to fill those jobs. The Secretary's failure to give timely notice effectively ensures that Haitian TPS holders looking for jobs will not be hired for current openings and those who are currently employed will be fired from the jobs that they now have.

The Secretary does not say why she has kept her determination a secret. To Plaintiffs' knowledge, in the 35-year history of TPS, no previous Secretary has ever waited more than a few days to publish notice of a determination in the Federal Register. Secretary Noem's unprecedented and unexplained refusal to publish notice of her determination vis-à-vis Haiti's TPS designation smacks of gamesmanship designed to create facts on the ground before this Court rules on Plaintiffs' claims.

The government says that the Secretary "intends to publish the determination before August 3, 2025." ECF 58 at 1. In other words, the government maintains that the Secretary may withhold notice of her determination until 11:59 pm on August 2 without violating her statutory obligation to "timely" publish notice of a determination that she claims to have already made weeks if not months ago. 8 U.S.C. § 1254a(b)(3)(A). The government's construction of the statute strips "timely" of any meaning.

Contrary to what the government suggests (ECF 58 at 1), the mere fact that a termination would not take effect for 60 days after publication of the notice does not make the Secretary's long-delayed notice "timely." Under § 1254a(b)(3)(A), the Secretary must give "timely" notice whether she determines that the conditions for designation continue to exist or have ceased to exist. The point of the requirement is to allow TPS holders to plan their lives, whether that means preparing for repatriation to Haiti or reinvesting in the businesses that have built in the United States. Keeping an already-made determination secret defeats the very purpose of the requirement.

There is no legitimate reason for the Secretary not to have published notice of her determination. While the statute certainly contemplates a short delay between determination and notice, that is simply in recognition of the fact that it usually takes two or three days before an agency decision appears in the Federal Register. It is not a license for the Secretary to delay notice at her whim.

The Secretary's conduct—issuing EADs that expire on August 3 while refusing to publish notice of her determination—is wreaking havoc among Haitian TPS holders. Likely by design but certainly in effect, she is depriving Haitian TPS holders of their reliance interest in that status.

Plaintiffs again urge the Court to grant them partial summary judgment on their *ultra vires* claim, and if the Court is not prepared to do so at this juncture, to at least grant them interim relief under 5 U.S.C. § 705.

Respectfully submitted,

*/s/ Andrew Tauber*

Andrew E. Tauber