**BCLP**
Bryan Cave Leighton Paisner

July 15, 2025

BRYAN CAVE LEIGHTON PAISNER LLP
1155 F Street NW
Washington DC 20004 1357
T: +1 202 508 6000
F: +1 202 508 6200
bclplaw.com

Andrew Tauber
Counsel
Direct:  +1 202 508 6111
Fax:  +1 202 220 7421
andrew.tauber@bclplaw.com

Hon. Brian M. Cogan, U.S.D.J.
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:    Plaintiffs' remaining claims and the government's ongoing conduct**
*Haitian Evangelical Clergy Ass'n v. Trump*, No. 25-cv-1464

Dear Judge Cogan:

Plaintiffs write for two reasons. First, they write in response to the Court's July 1 order directing them to show cause why their remaining claims should not be dismissed as moot. *Cf.* ECF 63 at 23. Second, Plaintiffs write to alert the Court to government conduct that is inconsistent with both the government's representations to this Court and the Court's grant of summary judgment to Plaintiffs.

As for Plaintiffs' remaining claims, Plaintiffs agree that they are moot in light of the July 1 order granting Plaintiffs summary judgment on their *ultra vires* claim.

Regrettably, that is not the end of the matter.

Despite the Court holding that "the next available date for termination of Haiti's TPS designation [is] February 3, 2026" (ECF 63 at 12), the government continues to act as if Haiti's TPS designation ends September 2, 2025.

More than a week after this Court's ruling, the government publicly stated that "its position has not changed, and TPS will be revoked for Haitians as of Sept. 2." CBS News, *Rockland County Haitians want temporary protected status extended. Here's how Rep. Mike Lawler is trying help*, https://www.cbsnews.com/newyork/news/haitians-rockland-county-temporary-protected-status-mike-lawler/ (July 10, 2025) (Ex. 1).

The government's official actions—or, more accurately, official inactions—are equally defiant.

As the Court is aware, a principal benefit of Temporary Protected Status is the right to work in the United States as long as the relevant TPS designation remains in place. The Court's grant of summary judgment restores Haiti's TPS designation through February 3, 2026, and entitles Haitian TPS holders to work in the U.S. until then.

Unfortunately, as the Court knows, the government, acting pursuant to Secretary Noem's unlawful "partial vacatur," wrongly issued many Haitian TPS holders Employment Authorization Documents (EADs) that on their face expire August 3, 2025. *See, e.g.*, ECF 60 Ex. 1. As Plaintiffs demonstrated even before the grant of summary judgment, the unlawful issuance of such EADs is causing Haitian TPS holders serious harm by impairing their ability to secure or retain jobs past August 3. *See* ECF 60 Ex. 2; Hr'g Tr. 6–8 (June 25, 2025).

Hon. Brian M. Cogan, U.S.D.J.
July 15, 2025
Page 2



When Plaintiffs alerted the Court to the harm caused by the government's unlawful issuance of EADs bearing the August 3 date, the government told the Court that nominally expired EADs would be no barrier to TPS holders' continued employment because "the government has a process for realigning TPS-related documents with a short-term extended expiration or extension date." ECF 58 at 2. Citing the recent extension of South Sudan's TPS designation and the recent termination of Nepal's TPS designation as examples, the government told the Court that TPS holders with nominally expired EADs can "prove work authorization" by showing employers their expired EAD "along with a copy of the [Federal Register notice] announcing the automatic extension" of their work authorization. *Id.*; *see also* Hr'g Tr. 4 (June 25, 2025) (government stating that it has addressed the problem of expired EADs "in the past simply by publishing notice in the Federal Register or even on the [DHS] website").

Referring to *Saget v. Trump*, 375 F. Supp. 3d 280 (E.D.N.Y. 2019), the government said that "this process should not be new to Plaintiffs' counsel, who represented the *Saget* litigants," because after *Saget* preliminarily enjoined President Trump's previous attempt to terminate Haiti's TPS designation, the government published a Federal Register notice "to continue the validity of Haitian TPS-related documents while the case wound its way through the courts." ECF 58 at 2 (citing Continuation of Documentation for Beneficiaries of [TPS] Designations for El Salvador, Haiti, Nicaragua, Sudan, Honduras, and Nepal, 87 Fed. Reg. 68, 717 (Nov. 16, 2022)).

The government told the Court that "[t]he same process would occur for" Haitian TPS holders "who have EADS with an August 3, 2025 expiration date." ECF 58 at 2. The government explained that "[f]ollowing … publication of the [Federal Register notice], individuals with expiring documents would have the ability to show their employers that their EADs have automatically extended." *Id*. The government assured the Court that using a Federal Register notice to extend the validity of expired EADs past August 3 was unproblematic because "many employers of TPS-holders should be aware that documents that are expired on their face can be used in conjunction with [a Federal Register notice] to authorize lawful employment." *Id*.

The government has not made good on its representations to the Court.

It is now two weeks since the Court held the "partial vacatur" unlawful but the government has yet to publish a notice in the Federal Register acknowledging the ruling and its consequences. Specifically, the government has yet to publish notice that—contrary to the February 24 notice stating that Haiti's TPS designation would expire August 3, and contrary to the July 1 notice stating that Haiti's TPS designation would be terminated effective September 2—Haiti's TPS designation runs through February 3, 2026, and that Haitian TPS-holders' EADs are valid through that date.

Indeed, the government has not even posted notice of the Court's decision and the continuing validity of Haitian TPS holders' EADs on the DHS website—something that the agency did in response to previous judicial decisions blocking the termination of a country's TPS designation. To the contrary, this Court's decision notwithstanding, the DHS website continues to proclaim that "Haiti's TPS designation and related benefits terminate September 2, 2025." DHS, Temporary Protected Status Designated Country: Haiti, https://www.uscis.gov/humanitarian/temporary-protected-status/temporary-protected-status-designated-country-haiti (last visited July 15, 2025) (Ex. 2).

The government's failure to publish a corrective notice in the Federal Register and on its website is contrary to its past practice and its representations to this Court.

Last week, Plaintiffs asked the government whether it intends to publish notice in the Federal Register that Haitian TPS holders' EADs are valid through February 3, 2026. Plaintiffs also asked whether the government intends to publish notice on the DHS website. Counsel for the government informed Plaintiffs that they had "communicated Plaintiffs' request to the Department of Homeland Security" and would "pass along any

Hon. Brian M. Cogan, U.S.D.J.
July 15, 2025
Page 3



message that DHS asks us to send in response." A week has passed and Plaintiffs have received no response.

The government's conduct reeks of bad faith.

Plaintiffs ask that the Court schedule a conference at its earliest convenience so that the Court can question the government over its defiant behavior. Plaintiffs further ask that the Court direct the government to be represented at the conference by counsel that is both willing and able to explain why the government has abandoned past practice despite explicitly telling the Court that it would follow that practice.

Plaintiffs also ask that, after the requested conference is held, the Court enter a declaratory judgment explicitly stating that (1) Haiti's TPS designation runs through February 3, 2026; and (2) that Haitian TPS holders' EADs are valid through that date. Finally, Plaintiffs further request any additional relief that the Court finds proper.

Respectfully submitted,

*/s/ Andrew Tauber*

Andrew E. Tauber