
Bryan Cave Leighton Paisner

July 23, 2025

BRYAN CAVE LEIGHTON PAISNER LLP
1155 F Street NW
Washington DC 20004 1357
T: +1 202 508 6000
F: +1 202 508 6200
bclplaw.com

Andrew Tauber
Counsel
Direct: +1 202 508 6111
Fax: +1 202 220 7421
andrew.tauber@bclplaw.com

Hon. Brian M. Cogan, U.S.D.J.
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: Motion for amended judgment**
*Haitian Evangelical Clergy Ass'n v. Trump*, No. 25-cv-1464

Dear Judge Cogan:

At yesterday's hearing, the Court invited Plaintiffs to request amendment of the judgment (ECF 65) pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). This letter is that request.

Although the Court set aside Secretary Noem's "partial vacatur" as unlawful, the government has not issued a Federal Register notice retracting the July 1, 2025, Federal Register notice that purported to terminate Haiti's TPS designation effective September 2, 2025. The government's refusal to do so is contrary to its past practice and its representations to the Court.

At minimum, the government's failure to retract the July 1 notice creates a serious risk of confusion. At worst, it effectively negates the Court's judgment by impairing Haitian TPS-holders' ability to secure and maintain employment past September 2.

Accordingly, Plaintiffs ask that the Court amend the judgment to include the following declaration:

1. The July 1, 2025, Federal Register notice purporting to terminate Haiti's TPS designation effective September 2, 2025, is null and void;

2. Haiti's TPS designation does not expire until February 3, 2026; and

3. Haitian TPS-holder's Employment Authorization Documents are valid through February 3, 2026, even if they bear an August 3, 2025, expiration date.

A corresponding proposed amended judgment is attached as Exhibit 1. *See also* ECF 64 at 3 (requesting similar declaration).

While such a declaration is not the Federal Register notice that the government published in the past and committed to publishing in this case, it would partially mitigate the harm caused by the government's inaction.

The Court has authority to amend the judgment in the manner Plaintiffs request.

"A motion under Rule 59(e) is appropriate 'if the court in the original judgment has failed to give relief on a certain claim on which it has found that the party is entitled to relief.'" *Catlin Speciality Ins. Co. v. QA3*



*Fin. Corp.*, 36 F. Supp. 3d 336, 344 (S.D.N.Y. 2014), *aff'd*, 629 F. App'x 127 (2d Cir. 2015); *accord, e.g.*, *Cont'l Cas. Co. v. Howard*, 775 F.2d 876, 883 (7th Cir. 1985); *Am. Tech. Ceramics Corp. v. Presidio Components, Inc.*, 490 F. Supp. 3d 593, 623 (E.D.N.Y. 2020); 11 Wright & Miller's Fed. Prac. & Proc. Civ. § 2810.1 (3d ed.).

Here, in addition to seeking a set-aside under 5 U.S.C. § 706, Plaintiffs requested under 28 U.S.C. § 2201 a declaration that the "partial vacatur" was "in excess of the Secretary's statutory authority." ECF 1 at 45; *see also id.* ¶ 19. The Court did not grant declaratory relief but, given its conclusion that "Secretary Noem does not have statutory or inherent authority to partially vacate a country's TPS designation" (ECF 63 at 18), Plaintiffs are entitled to such relief. Amendment of the judgment under Rule 59(e) is therefore appropriate. *Catlin Speciality*, 36 F. Supp. 3d at 344.

Relief is also warranted under Rule 60(b), which authorizes the Court to "relieve a party … from a final judgment" based on "misrepresentation … by [the] opposing party" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(3), (6). Here, the goverwnment misrepresented the actions that it would take were Plaintiffs to prevail, which they did. *See* ECF 64 at 2–3; ECF 66 at 1–2; ECF 68 at 1. The government's misrepresentations aside, relief also is justified by the risk that Plaintiffs and other Haitian TPS-holders will not receive the full benefit of the set-aside absent the declaratory relief that Plaintiffs seek.

At yesterday's hearing the Court alluded to 8 U.S.C. § 1252(f)(1) and the bar that it arguably imposes on injunctive relief in this case. Even if § 1252(f)(1) were applicable (*but see* ECF 17-1 at 12–14; ECF 44 at 18–21), it would be no bar to the declaration that Plaintiffs seek. "Nothing about" the provision's "text suggests that it bars declaratory relief." *Brito v. Garland*, 22 F.4th 240, 251 (1st Cir. 2021). As the First Circuit explained:

> Congress knows how to prohibit declaratory relief when it so chooses. Indeed, the preceding subpart in section 1252 prohibits courts from granting "declaratory, injunctive, or other equitable relief in any action pertaining to an order to exclude an alien in accordance with section 1225(b)(1)." 8 U.S.C. § 1252(e)(1)(A). We are thus loath to insert a prohibition on declaratory relief into section 1252(f), where Congress elected not to include one.

*Id.*

This makes sense because there is a material difference between an injunction and a declaratory judgment.

> An injunction is a coercive order by a court directing a party to do or refrain from doing something, and applies to future actions. A declaratory judgment states the existing legal rights in a controversy but does not, in itself, coerce any party to enjoin any future action.

*OneSimpleLoan v. U.S. Sec'y of Educ.*, 2006 WL 1596768, at *6 (S.D.N.Y. 2006), *aff'd*, 496 F.3d 197 (2d Cir. 2007) (quoting *Ulstein Marine, Ltd. v. United States*, 833 F.2d 1052, 1055 (1st Cir. 1987)); *see also, e.g.*, *Student Loan Marketing Ass'n v. Riley*, 907 F. Supp. 464, 474 (D.D.C. 1995) (collecting "substantial authority holding that anti-injunction clauses do not preclude consideration of requests for declaratory relief"). As another court held in an analogous situation:

> Plaintiffs have not been left procedurally helpless by the preclusion of injunctive relief. In addition to pursuing administrative appeals, they may litigate final decisions by the Secretary under the Administrative Procedures Act, pursuant to which they may be entitled to declaratory relief.



*Calise Beauty Sch., Inc. v. Riley*, 941 F. Supp. 425, 430 (S.D.N.Y. 1996).

At yesterday's hearing, the Court expressed the hope that the government would consent to Plaintiffs' request to amend the judgment. Hr'g Tr. 15 (July 22, 2026). Soon after the hearing concluded, Plaintiffs wrote the government seeking its consent. The government informed Plaintiffs that it "oppose[s] this motion." Ex. 2 at 1.

The need for an amended judgment is acute. Despite the Court expressing the view that "the Government should correct the Federal Register because there's no reason not to" (Hr'g Tr. 13 (July 22, 2026)), the government refuses to do so. In response to Plaintiffs' request for consent to this motion, the government reiterated its contention that the DHS website is "sufficient to advise employers of the current expiration date." Ex. 2 at 2. According to the government, last week's "update to the USCIS website adheres to the Court's final judgment by stating that both Haiti's TPS designation and the auto-extension of employment authorization documents for beneficiaries continue until February 3, 2026." *Id.* at 1.

The government having reneged on its representations to the Court and having departed from past practice without explanation, Plaintiffs ask that the Court enter the proposed amended judgment attached as Exhibit 1.

Respectfully submitted,

*/s/ Andrew Tauber*

Andrew E. Tauber