UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
HAITIAN EVANGELICAL CLERGY  
ASSOCIATION, SERVICE EMPLOYEES  
INTERNATIONAL UNION - LOCAL 32BJ,  
SABINA BADIO FLORIAL,  
YOUDELAINE DORCIN, ROBERT JEAN  
ALIX ERINAC, RACHELLE GUIRAND,  
DIEU YOLNICK JEUNE CADET,  
AUDOINE AMAZAN, GERALD  
MICHAUD, NADEGE JOSEPH MICHAUD,  
and MARIE WILDRIGUE ERINAC MIOT,

**MEMORANDUM DECISION AND ORDER**

25-cv-1464 (BMC)

     Plaintiffs,

    - against -

DONALD J. TRUMP, in his official capacity as President of the United States; UNITED STATES OF AMERICA; THE DEPARTMENT OF HOMELAND SECURITY; and KRISTI NOEM, in her official capacity as Secretary of Homeland Security,

     Defendants.
----------------------------------------------------------- X

**COGAN**, District Judge.

  This case is before the Court on plaintiffs' motion to amend the judgment.

  The facts of this case are set out in full in the Court's Memorandum Decision and Order to Show Cause, familiarity with which is assumed. See Haitian Evangelical Clergy Ass'n v. Trump, --- F. Supp. 3d ---, 2025 WL 1808743 (E.D.N.Y. July 1, 2025). In brief, the Court set aside Secretary of Homeland Security Kristi Noem's "partial vacatur" of Haiti's Temporary Protected Status ("TPS") designation as in excess of her authority. The Court also issued an order to show cause why plaintiffs' remaining claims should not be dismissed as moot. Plaintiffs

voluntarily dismissed their remaining claims as moot, and the Court entered a final judgment ordering that the Secretary's partial vacatur was stayed under § 706 of the Administrative Procedure Act.  Judgment, Haitian Evangelical Clergy Ass'n v. Trump, No. 25-cv-1464 (E.D.N.Y. July 15, 2025), ECF No. 65.

For more than two weeks after the Court's ruling setting aside the partial vacatur, the Government did not update its website to indicate that Secretary Noem's partial vacatur had been set aside.  The Government also did not recognize that Secretary Noem's termination of Haiti's TPS designation pursuant to the partial vacatur, which was set to go into effect on September 2, 2025, was null and void as well.  The Government still has not published a notice in the Federal Register to this effect.  However, the Government has now updated its website to state that Haiti is designated for TPS through February 3, 2026, and that Haitian TPS holders' employment authorization documents have been auto-extended through February 3, 2026.  U.S. Citizenship and Immigration Services, Temporary Protected Status Designated Country: Haiti, https://www.uscis.gov/humanitarian/temporary-protected-status/temporary-protected-status-designated-country-haiti [https://perma.cc/BY5R-FW6Z] (last visited July 27, 2025).  The Government also stated in open Court that "there's a final judgment in this case . . . and the final judgment stands.  We respect it.  Final judgment answers this question [of whether Haitian TPS holders' employment authorization documents will extend until February 3, 2026], the United States has acted accordingly."  Hr'g Tr. at 12, Haitian Evangelical Clergy Ass'n v. Trump, No. 25-cv-1464 (E.D.N.Y. July 22, 2025).

Despite the Government's updated website complying with this Court's ruling and its statement to this Court that it will respect the final judgment in this case, plaintiffs remain concerned that the Government's failure to publish a notice in the Federal Register retracting its

previous notice terminating Haiti's TPS designation on September 2, 2025 "creates a serious risk of confusion" and may "effectively negate[ ] the Court's judgment by impairing Haitian TPS-holders' ability to secure and maintain employment past September 2." Plaintiffs therefore move pursuant to Federal Rules of Civil Procedure 59(e) or 60(b) to amend the judgment to explicitly declare that "(1) the July 1, 2025, Federal Register notice purporting to terminate Haiti's TPS designation effective September 2, 2025, is null and void; (2) Haiti's TPS designation does not expire until February 3, 2026; and (3) Haitian TPS [holders'] Employment Authorization Documents are valid through February 3, 2026, even if they bear an August 3, 2025, expiration date."

Whether to issue the kind of particularized declaratory relief that plaintiffs are seeking here is a matter committed to the Court's discretion. See Wilton v. Seven Falls Company, 515 U.S. 277 (1995); Christopher P. by Norma P. v. Marcus, 915 F.2d 794, 802 (2d Cir. 1990).

> The two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.

Edwin Borchard, Declaratory Judgments, 299 (2d ed. 1941). It follows *ipso facto* that if there is no reasonable ground for uncertainty, insecurity, and controversy, there is no need for a declaratory judgment. See Guerra v. Sutton, 783 F.2d 1371, 1376 (9th Cir. 1986) (in light of Immigration and Naturalization Service having acknowledged the correctness of the plaintiffs' position, declaratory relief was unnecessary); cf. In re Orion Pictures Corp., 4 F.3d 1095 (2d Cir. 1993) ("Where a district court has before it a declaratory judgment action and a direct action containing all of the issues in the declaratory judgment action, and decides the common issues in the direct action, it may exercise its discretion to dismiss the declaratory judgment complaint.").

Under these authorities, the Court does not agree that an amendment of the judgment is necessary. Subject to its right to appeal this Court's decision, the Government's assurances to the public and this Court made on the public record in this case and on its website acknowledging that Haiti is designated for TPS through February 3, 2026 are sufficient to let employers to know that Haitian TPS holders may legally work through February 3, 2026. The website states that "USCIS has automatically extended through Feb. 3, 2026, the validity of EADs [employment authorization documents] issued under the TPS designation for Haiti." U.S. Citizenship and Immigration Services, Temporary Protected Status Designated Country: Haiti, https://www.uscis.gov/humanitarian/temporary-protected-status/temporary-protected-status-designated-country-haiti [https://perma.cc/BY5R-FW6Z] (last visited July 27, 2025). There is just nothing more to say about it.

Because the Government has made clear, both on its website and in its representations to this Court (and of course subject to its rights on appeal), that it understands and will comply with the facts that the Federal Register notice purporting to terminate Haiti's TPS designation effective September 2, 2025 is ineffective; that Haiti's TPS designation does not expire until February 3, 2026; and that Haitian TPS holders' employment authorization documents are valid through February 3, 2026, even if they bear an August 3, 2025 expiration date, the Court denies as unnecessary plaintiffs' motion to amend the judgment. See, e.g., Sec. & Exch. Comm'n v. Sheinwald, No. 12-cv-5811, 2020 WL 1819951 (S.D.N.Y. April 10, 2020) (denying the defendants' motion to amend a judgment despite their contention that third parties were misinterpreting the order because the language was clear and the defendants did not provide any evidence that third parties were misinterpreting the order); Catlin Specialty Ins. Co. v. QA3 Fin. Corp., 36 F. Supp. 3d 336, 344 (S.D.N.Y. 2014), aff'd, 629 F. App'x 127 (2d Cir. 2015)

(denying a party's motion to amend the judgment pursuant to Rule 59(e) because that party had already received "the relief to which it was entitled").

To summarize at the risk of undue repetition, there is no confusion or negative impact on the Court's judgment from the Government's failure to publish a notice in the Federal Register. Everyone agrees that Secretary Noem's partial vacatur has been set aside, and thus the July 2024 extension, which extended Haiti's TPS designation until February 3, 2026, 89 Fed. Reg. 54484 (July 1, 2024), remains in effect. Unless defendants obtain appellate relief, employers need have no concern about the legality of employing Haitian TPS holders through February 3, 2026.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
July 28, 2025